IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VERONICA PERRYMAN-NELSON, ) | |
| PLAINTIFF, ) | |
| ) | |
| v.                                    ) | CIVIL ACTION NO.: |
| ) | |
| WELLS FARGO HOME MORTGAGE, ) | |
| A DIVISION OF WELLS FARGO BANK ) | JURY DEMAND |
| N.A.,                                 ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

### I. JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Civil Rights Act of 1866, as amended. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. §1981, providing injunctive and other relief against racial discrimination in employment.

### II. PARTIES

2.     Plaintiff, Veronica Perryman-Nelson, is an African American and

1

Mexican citizen of the United States and is a resident of Birmingham, Alabama. Plaintiff began her employment with the Defendant on or about May 3, 2007.

3. Defendant, Wells Fargo Home Mortgage, a division of Wells Fargo Bank N.A., is a corporation doing business in the state of Alabama. At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen or more employees and employers within the meaning of 42 U.S.C. § 2000e(b),(g) and (h).

### III. FACTS

4. Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5. Plaintiff, Veronica Perryman-Nelson, began working for the Defendant on or about May 3, 2007, as a temporary employee through Kelly Services in the position of mortgage specialist assistant.

6. Plaintiff avers that after she was hired a Caucasian co-worker called her "nigger." Plaintiff and another co-worker reported the incident and complained about being called an offensive racial slur. In addition, during Plaintiff's employment Caucasian managers and employees referred to Plaintiff as a "roach." Plaintiff is African American and Mexican and the term "roach" was a derogatory term regarding Plaintiff's race.

2

7. Plaintiff avers that in February 2008, she applied for the position of mortgage specialist. During Plaintiff's employment with the Defendant the employees working as mortgage specialists were Caucasian. Plaintiff was denied the position of mortgage specialist because of her race. During Plaintiff's employment the Defendant filled several open and available mortgage specialist positions with Caucasians.

8. Plaintiff avers that she was terminated on or about February 29, 2008, because of her complaints and to prevent her from being placed in one of the available mortgage specialist positions.

9. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, compensatory damages, punitive damages, attorney's fees, an injunction and a declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## IV. STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

### STATEMENT OF PLAINTIFF'S RACIAL DISCRIMINATION CLAIMS PURSUANT TO TITLE VII AND 42 U.S.C § 1981[1]

---

[1] Plaintiff will set forth his Title VII and § 1981 allegations in one Count.

10. Plaintiff adopts and realleges the allegations of paragraphs one (1) through nine (9) as if fully set forth herein.

11. Plaintiff avers based on the facts set forth herein that while she was employed by Defendant, he was subjected to racial harassment, racial discrimination a racially hostile environment and terminated because of her race. Plaintiff avers that African American employees were subjected to discriminatory terms and conditions of employment and that the Defendant has a pattern and practice of discriminating against African Americans.

12. Plaintiff avers that Defendant condoned and tolerated the racial harassment, discrimination and hostile environment. Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1866, as amended.

13. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

14. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

15. The Plaintiff has satisfied all administrative prerequisites to bring this claim. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), within 180 days of the last discriminatory act regarding her Title VII claims. Plaintiff has filed this Complaint within 90 days of receipt of her Notice of Right to Sue and/or Notice and Dismissal of Rights from the EEOC.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, and by the Civil Rights Act of 1866, as amended;

b. Grant Plaintiff a permanent injunction enjoining Defendants, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the Civil Rights of 1964, as amended, and the Civil Rights Act of 1866 as amended;

c. Grant Plaintiff an order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages

for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

    d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S RETALIATION CLAIMS PURSUANT TO 42 U.S.C § 1981

16. Plaintiff adopts and realleges paragraphs one (1) through fifteen (15) as if fully set forth herein.

17. Plaintiff avers that she has been denied a position and terminated in retaliation for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and his termination. Plaintiff has been retaliated against in violation of the Civil Rights Act of 1866, as amended. The Defendant has a pattern and practice of retaliating against employees that engage in protected activity.

18. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set

forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured the Civil Rights Act of 1866, as amended;

b. Grant Plaintiff a permanent injunction enjoining Defendants, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating the Civil Rights Act of 1866 as amended;

c. Grant Plaintiff an order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY.**

*[signature]*

CYNTHIA FORMAN WILKINSON
State Bar I.D. No. ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**
**WILKINSON LAW FIRM, PC**
New South Federal Bank Building
Suite 811
215 Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@bellsouth.net

**PLAINTIFF'S ADDRESS:**
Ms. Veronica Perryman-Nelson
c/o Wilkinson Law Firm
811 New South Savings Building
215 Richard Arrington Jr. Blvd, North
Birmingham, Alabama 35203

**DEFENDANTS' ADDRESSES:**

Wells Fargo Home Mortgage, a division of Wells Fargo Bank N.A.
CSC LAWYERS INCORPORATING SRV., INC.
150 S PERRY ST
MONTGOMERY, AL 36104